UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

PIERRE WATSON,               )
                                   )
          Movant,      )
                                   )
     vs.               )        No. 4:10CV2228 HEA
                                   )
UNITED STATES OF AMERICA,  )
                                   )
          Respondent.  )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Movant's Motion under 28 U.S.C. § 2255

by a Person in Federal Custody, [Doc. No. 1]. Pursuant to this Court's Order, the

government has responded to the motion to vacate. For the reasons set forth

below, the Motion is denied without a hearing.

## Movant's Claim

Movant makes the following claims:

Ground One:

> as it relates to petitioner and this case, pursuant to Federal Rules of
> Evidence, Rule 803(6)(hearsay exception), and pursuant to United
> States Constitution Article IV, § 1 (full faith and credit clause), is
> [sic] secret Service Special Agent Travis Gibson's (hereinafter
> Gibson) "testimony," and/or Gibson's "investigation record" or
> "notes," competent evidence of interested U.S. Bank's "business" or
> "record," as it relates to this U.S. Band and/or to the relevant
> $36,435.25 "loss amount" and/or "bank fraud" committed against this
> U.S. Bank, while Gibson is not he [sic] U.S. Bank's "record

custodian," and while Gibson's "testimony" and/or investigation "record" or "notes," which were proffered by the Government were prepared for this "bank fraud" and $36,435.25 "lost amount" prosecution and are favorable to the party that prepared them?

Ground Two:

In this case, trial court "used" the Advisory Guidelines Rule (Fed.Crm.Rule 32; 18 U.S.C. § 3553(a)): Pursuant to United States Constitution Art. III, §, and Pursuant to United States Constitution Art. IV, § 1 (full faith and credit clause), can an inclusive term in a criminal statute, i.e., 18 U.S.C. §§ 3553(b)(1) and 3742, which made the United States Sentencing "mandatory," be "reduced," or "modified," by the [Judiciary] branch of the Government, so as to limit statute 18 U.S.C. § 3553's application down to its §3553(a)? If not, is the Advisory Guidelines Rule an absolute "nullity, " and, therefore, not entitled to "full faith and credit?"

Ground Three:

Under the facts of this petition under 28 U.S.C. § 2255, pursuant to the United States Constitution Amendment 6, did petitioner trial and direct appeal counsels' errors deprive petitioner of an effective assistance of counsel?

**Facts and Background**

On November 13, 2008, Movant was indicted by a federal grand jury which charged Movant with conspiracy to defraud, in violation of 18 U.S.C. § 371, aggravated identity theft, in violation of 18 U. S.C. § 1028A, identity theft, in violation of 18 U.S.C. § 1028(a)(7), and bank fraud, in violation of 18 U.S.C. § 1344. Movant plead guilty on May 4, 2008 to Count 12, bank fraud. The

probation office prepared a presentence investigation report (PSR) to which both parties filed objections.

On August 18, 2009, the sentencing hearing was held. After hearing testimony, the Court sentenced Movant to 70 months incarceration, five years supervised release, and restitution in the amount of $36,435.25. Movant filed his notice of appeal on August 27, 2009. On January 5, 2010, the government filed a motion to dismiss the appeal. On January 20, 2010, the Court of Appeals for the Eighth Circuit issued an order that the government's motion to dismiss the appeal would be taken with the case for consideration by the panel to which the case would be submitted for disposition on the merits. After the submission of the briefs by the parties, the appellate court found that the waiver of appeal contained in the plea agreement was valid and enforceable and issued an Order on June 28, 2010 dismissing the appeal.

## Standards for Relief Under 28 U.S.C. 2255

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28

U.S.C. § 2255.  Claims brought under § 2255 may also be limited by procedural

default. A Movant "cannot raise a nonconstitutional or nonjurisdictional issue in a

§ 2255 motion if the issue could have been raised on direct appeal but was not."

*Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (citing *Belford v.

United States*, 975 F.2d 310, 313 (7th Cir. 1992)).  Furthermore, even

constitutional or jurisdictional claims not raised on direct appeal cannot be raised

collaterally in a § 2255 motion "unless a petitioner can demonstrate (1) cause for

the default and actual prejudice or (2) actual innocence."  *United States v. Moss*,

252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614,

622 (1998)).  Claims based on a federal statute or rule, rather than on a specific

constitutional guarantee, "can be raised on collateral review only if the alleged

error constituted a 'fundamental defect which inherently results in a complete

miscarriage of justice.'"  *Reed v. Farley*, 512 U.S. 339, 354 (1994)(quoting *Hill v.

United States*, 368 U.S. 424, 477 n. 10 (1962)).

The Court must hold an evidentiary hearing to consider claims in a § 2255

motion "unless the motion, files and records of the case conclusively show that the

prisoner is entitled to no relief."  *Shaw v. United States*, 24 F.3d 1040, 1043 (8th

Cir. 1994)(citing 28 U.S.C. § 2255).  Thus, a "[movant] is entitled to an

evidentiary hearing 'when the facts alleged, if true, would entitle [movant] to

relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996)(quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043. Since the Court finds that Movant's remaining claims can be conclusively determined based upon the parties' filings and the records of the case, no evidentiary hearing will be necessary.

## Discussion

## Standard for Ineffective Assistance of Counsel

It is well-established that a petitioner's ineffective assistance of counsel claim is properly raised under 28 U.S.C. § 2255 rather than on direct appeal. *United States v. Davis,* 452 F.3d 991, 994 (8th Cir.2006); *United States v. Cordy*, 560 F.3d 808, 817 (8th Cir. 2009). The burden of demonstrating ineffective assistance of counsel is on a defendant. *United States v. Cronic,* 466 U.S. 648, 658 (1984); *United States v. White,* 341 F.3d 673, 678 (8th Cir.2003). To prevail on an ineffective assistance of counsel claim, a convicted defendant must first show counsel's performance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The defendant must also establish prejudice by showing "there is a reasonable probability that, but for

counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*, at 694.

Both parts of the *Strickland* test must be met in order for an ineffective assistance of counsel claim to succeed. *Anderson v. United States,* 393 F.3d 749, 753 (8th Cir.), *cert. denied,* 546 U.S. 882 (2005). The first part of the test requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Review of counsel's performance by the court is "highly deferential," and the Court presumes "counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The court does not "second-guess" trial strategy or rely on the benefit of hindsight, *id.,* and the attorney's conduct must fall below an objective standard of reasonableness to be found ineffective, *United States v. Ledezma-Rodriguez,* 423 F.3d 830, 836 (2005). If the underlying claim (i.e., the alleged deficient performance) would have been rejected, counsel's performance is not deficient. *Carter v. Hopkins,* 92 F.3d 666, 671 (8th Cir.1996). Courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.*

The second part of the *Strickland* test requires that the movant show that he was prejudiced by counsel's error, and "that 'there is a reasonable probability that,

but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Anderson,* 393 F.3d at 753-54 (quoting *Strickland,* 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. When determining if prejudice exists, the court "must consider the totality of the evidence before the judge or jury." *Id.* at 695; *Williams v. U.S.,* 452 F.3d 1009, 1012-13 (8th Cir. 2006).

The first prong of the *Strickland* test, that of attorney competence, is applied in the same manner to guilty pleas as it is to trial convictions. The prejudice prong, however, is different in the context of guilty pleas. Instead of merely showing that the result would be different, the defendant who has pled guilty must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Matthews v. United States*, 114 F.3d 114.

**Ground One**

Movant argues that the testimony of Special Agent Gibson was hearsay and did not meet the requirements of the business record exception, and that he did not knowingly and voluntarily enter into the plea as it relates to the loss amount and leadership role.

In the Plea Agreement, it is clearly set out that the amount of loss exceeded

$30,000.  Movant stipulated to this amount.  The Plea Agreement further details

Movant's involvement in the bank fraud.  Movant signed the plea agreement

having had the opportunity to review it with his attorney.

At the sentencing hearing, the Court detailed its reasoning for finding that

Movant performed a leadership role in the scheme:

> Mr. Kagan, the crux of your objection goes to what position your
> client played in this conspiracy, this fraud, okay, organizationally as
> that relates to the guidelines.
>
> It is clear to me, though from the facts set forth in the plea agreement,
> the facts that are laid out in the presentence investigation report and
> the testimony that was adduced at the hearing today that there's no
> question that Mr. Watson is a leader or manager within the definition
> of the guidelines to warrant an increase of some additional points that bumps him up high
> that was the go-to person to get the checks cashed. He set that up.
> There's no
> question that he knew how to print the checks and how to make them,
> he described that, and he makes that in the statement.
>
> He knew all the players that were involved, Miss Holland and the other
> people that were involved that were the runners if you will and there's
> no questions that he provided to them the documents, fake,
> counterfeit though they may be, to go to his go to person at the bank
> to make the transaction, get the cash and leave and it's also clear from
> Miss Holland's testimony... as well as the other evidence together as a
> whole,..., he would get a great portion per transaction. The only
> person that gets a greater portion of the transaction is the head guy...
> Lesser individuals, it just doesn't happen that way.

While Movant argues that his rights were violated because of this finding,

the evidence as a whole clearly establishes that this finding was proper and Movant's rights were fully considered in reaching this conclusion. Ground One is therefore denied.

**Ground Two**

Movant argues that the Court's sentence was not constitutional. Although no longer mandatory, see *United States v. Booker*, 543 U.S. 220 (2005), the Sentencing Guidelines still play an important role in sentencing procedures. The Court must begin "by correctly calculating the applicable Guidelines range," *Gall v. United States*, 552 U.S. 38, 49 (2007), and then consider the parties' arguments and factors specified in 18 U.S.C. § 3553(a). 552 U.S., at 49–50. The Court "may not presume that the Guidelines range is reasonable," *id*., at 50, and must explain the basis for its sentence on the record. *Peugh v. U.S.* 133 S.Ct. 2072, 2076 (2013).

The Court uses the guideline range as "the starting point and the initial benchmark" for sentencing. *Gall*, 552 U.S. at 49. It then receives argument from the parties on an appropriate sentence before weighing the § 3553(a) factors. *Id*. at 49–50. If deciding that a sentence outside the guidelines is warranted, the Court must provide an explanation sufficient to justify the degree of variance. *Id*. at 50. The Court followed this procedure here. The court heard argument from the

parties and fully explained the sentence imposed. It considered the § 3553(a)

factors, including the nature and circumstances of the offense, the need for

adequate deterrence of criminal conduct, and the need to provide just punishment

for the offense. See 18 U.S.C. § 3553(a). *U.S. v. Holman,* 2013 WL 5942614, 2

(8th Cir. 2013). Having considered the above, the Court imposed sentence.

Movant's second ground is denied.

**Ground Three**

Movant argues that both trial counsel and appellate counsel omitted

significant and obvious issues while pursuing weaker issues.

As the government correctly argues, Movant's appeal was dismissed based

on Movant's waiver of his appellate rights, thus, even had appellate counsel

pursued what Movant perceives as more significant than those raised, Movant

would not have succeeded on appeal. Movant fails to establish the prejudice

prong of the *Strickland* standard.

With respect to trial counsel, once again, Movant fails to satisfy *Strickland*.

Although Movant believes counsel should have urged various arguments, the

record demonstrates that counsel provided more than competent representation.

Counsel's lack of objection to any hearsay testimony was well within the bounds

of professional responsibility. Sentencing hearings are not bound by the

traditional hearsay rules of procedure.  Thus, any objection would not have

produced the result Movant advocates.  Indeed, Movant stipulated to the amount

of the loss in the Plea Agreement.  Moreover, counsel aptly argued against the

assessment of additional points based on Movant's leadership role in the bank

fraud.  Likewise, because the Court carefully considered the sentence to be

imposed in accordance with the applicable law,  Movant can show no prejudice for

any strategic decisions made by counsel in not objecting as Movant proposed.

Counsel for Movant was clearly not ineffective.

## Conclusion

Based upon the foregoing analysis, Movant's claim of ineffective assistance

of counsel fails to afford him relief.

## Certificate of Appealablity

The federal statute governing certificates of appealability provides that "[a]

certificate of appealability may issue . . . only if the applicant has made a

substantial showing of the denial of a constitutional right." 28 U.S.C. §

2253(c)(2).  A substantial showing of the denial of a constitutional right requires

that "issues are debatable among reasonable jurists, a court could resolve the

issues differently, or the issues deserve further proceedings."  *Cox v. Norris*, 133

F.3d 565, 569 (8th Cir. 1997).  Based on the record, and the law as discussed

herein, the Court finds that Movant has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Vacate, Set aside or Correct Sentence, [Doc. 1], is **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Movant has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment is entered this same date.

Dated this 15th day of November, 2013.


_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE